**UNITED STATES v. MINDER.**

No. 17969.

District Court, S. D. California, Central Division.

Nov. 29, 1945.

Charles H. Carr, U. S. Atty. (by: James M. Carter and Wm. P. Haughton, Assistant U. S. Attys., both of Los Angeles, Cal.), for plaintiff.

Alfred P. Peracca, of Los Angeles, Cal., for defendant.

HOLLZER, District Judge.

Defendant was convicted upon both counts of an indictment. The first count in substance charged that he is a male person within the class required to register for Selective Service under the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 301 et seq., and the rules and regulations promulgated thereunder, and that about August 22, 1945, at Santa Barbara, Cal., he did knowingly fail to register under said law.

Count 2 in substance alleged that he is a male person within the class subject to

---

[14] As counsel for plaintiff states in his brief: "A wheel includes spokes, but that does not mean that spokes are a wheel."

Selective Service under said law and that on or about August 22, 1945, at the place mentioned he did knowingly fail to have in his possession a Notice of Classification (DSS Form 57).

We are now called upon to consider defendant's motion for a new trial. The grounds thereof are stated as follows:

"1. The finding of the Court is contrary to the law and the evidence.

"2. The evidence fails to establish that the defendant committed the offense charged in Count II of the indictment.

"3. The evidence is insufficient to establish that the defendant committed the offense charged in Count II of the indictment.

"4. That there is a complete and irreconcilable variance between the evidence adduced and the charges contained in Counts I and II of the indictment respectively.

"5. Errors committed by the Court during the trial in the reception of evidence, as a result of which the substantial rights of the defendant were materially prejudiced."

It is not disputed that defendant has been subject to the provisions of the Selective Training and Service Act at all times since the enactment thereof. At the trial it was stipulated that he had not registered under the Selective Training and Service Act up to the time of his arrest, to-wit on August 22, 1945. In addition the evidence established that he is a male citizen of the United States, that he was born in the State of Minnesota on September 18, 1917, and that at the time of his arrest he did not have in his possession such Notice of Classification. However it is admitted that on the day of and following his arrest he offered to register, but such offer was rejected.

Likewise the evidence showed without contradiction that the defendant was absent from continental United States continuously from about August 12, 1940, until August 19, 1945, also that on the last mentioned date he re-entered continental United States and that throughout the period of such absence he remained in a foreign country, to-wit, Mexico. In addition it was stipulated that after re-entering continental United States and continuously thereafter, up to the time of his arrest three days later, defendant had failed to present himself for and submit to registration under said Act.

Upon the foregoing facts, counsel for defendant contends that there is a variance between the proof and the allegations of the respective counts of the indictment. In this connection it is argued that upon returning to the United States defendant became entitled to a reasonable time thereafter within which to register; also that the Presidential Proclamations issued and the Rules and Regulations promulgated pursuant to the Selective Training and Service Act prior to October, 1943, allowed citizens of the United States who were then in a foreign country a period of five days following their return to this country within which to register, and that such five day period constituted the minimum time within which defendant was required to register.

Furthermore it is insisted that defendant having offered to register upon the third day following his return to the United States and his offer having been rejected, it follows that neither of the offenses charged in the indictment was committed by him. In addition, it is claimed that, viewing the evidence most strongly against him, the proof shows merely that the defendant while living in Mexico failed to register under said Act and the Presidential Proclamation No. 2597 of October 26, 1943, 50 U.S.C.A. Appendix, § 302 note, whereas neither count of the indictment charges him with committing any offense outside of the United States.

The Presidential Proclamation No. 2425 of September 16, 1940, 50 U.S.C.A. Appendix, § 302 note (the first issued pursuant to the Selective Training and Service Act of 1940) directed that every male citizen of the United States (other than certain classes of persons with whom we are not here concerned) present himself for registration on October 16, 1940. It also provided, however, that if a citizen was not within the continental United States on such registration date, then he was required to present himself for registration within five days after his return thereto.

The second Proclamation issued under said Act was promulgated on May 26, 1941, No. 2486, 50 U.S.C.A. Appendix, § 302 note. So far as relevant here the same provided that every male citizen of the United States (other than certain classes

of persons with whom we are not here concerned) was required to present himself for registration on July 1, 1941, if, on October 16, 1940, he had attained the 21st anniversary of the day of his birth and had not attained the 36th anniversary thereof and had not theretofore been registered under said Act, provided that the duty of any person to present himself for registration in accordance with any previous Proclamation issued under said Act should not be affected by said Proclamation of May 26, 1941. This second Proclamation further declared that a person subject to registration might register after the day fixed for registration in case he was prevented from registering on that day because he was not present in the United States, the Territory of Hawaii, Puerto Rico or the Territory of Alaska; in which event he was required to present himself for registration within five days after entering any of such places.

A third Proclamation was issued under said Act on January 5, 1942, No. 2535, 50 U.S.C.A. Appendix, § 302 note. The same provided so far as relevant here that every male citizen of the United States (excepting certain classes of persons with whom we are not here concerned) was required to present himself for registration on February 16, 1942, if on December 31, 1941, he had attained the 20th anniversary of the day of his birth and on February 16, 1942, had not attained the 45th anniversary thereof, and had not theretofore been registered under said Act, provided that the duty of any person to present himself for registration in accordance with any previous Proclamation issued under said Act should not be affected by said Proclamation of January 5, 1942. Said third Proclamation further provided that *a person subject to registration might be registered after the day fixed for his registration in case he was prevented from registering on the day fixed because he was not then present in continental United States or in some place subject to its jurisdiction; in which event he was required to present himself for registration as soon as possible after entering any of such places.* (Emphasis added.)

On October 26, 1943, a further Proclamation, No. 2597, 50 U.S.C.A. Appendix, § 302 note, was issued requiring what has been described as "extra registration." The latter Proclamation so far as relevant here required all male citizens of the United States outside the continental United States and the places previously mentioned, who had not been registered and who on December 31, 1943, had attained, or thereafter should attain, the 18th anniversary of the day of their birth and who on said date had not attained the 45th anniversary of the day of their birth, to register on any day during the period commencing November 16, 1943, and ending December 31, 1943, if such persons were born after December 31, 1898, but before January 1, 1926. Said Proclamation also specified that such a person should present himself for registration before any one of certain officials of the District of Columbia, or in lieu thereof before any diplomatic or consular officer of the United States who was a citizen thereof, or before any duly appointed registration official, or before any member or clerical assistant of a Selective Service Local Board. Likewise, said Proclamation declared that the duty of any person to present himself for registration in accordance with any previous Proclamation issued under said Act as amended should not be affected by said Proclamation of October 26, 1943.

As we construe the Act in question and the several Proclamations referred to, the duty of the defendant to present himself for and submit to registration was created and imposed by said Act, while the period or periods within which he was required to discharge said duty became fixed by one or more of said Proclamations. By virtue of the provisions of the first of these Proclamations, and because he was not within the continental United States on the registration date prescribed in said Proclamation, defendant was granted additional time to register, namely, to present himself for registration within five days after his return to this country.

Again, under the provisions of the second of these Proclamations, and since he was prevented from registering on the day fixed therein for registration because he was not then present in the United States or in one of the places subject to its jurisdiction, defendant was granted additional time to register, namely, to present himself for registration within five days after entering any such places.

Likewise, by virtue of the provisions of the third of these Proclamations, and by

reason of the fact that he was prevented from registering on the day fixed therein for registration because he was not then present in continental United States or in one of the places subject to its jurisdiction, the defendant again was granted additional time to register, namely, *as soon as possible after entering any of such places*.

Finally, under the provisions of the Proclamation of October 26, 1943, the time within which defendant was required to present himself for registration under said Act was advanced by reason of the fact that he was then in Mexico, namely, to the period commencing November 16, 1943, and ending December 31, 1943. In addition, the latter Proclamation declared that the duty of any person to present himself for registration in accordance with any previous Proclamation issued under said Act as amended was not affected by the Proclamation of October 26, 1943.

Thus it will be noted that, although the last mentioned Proclamation was applicable to defendant as long as he remained in a foreign country, his duty to present himself for registration in accordance with any of the earlier Proclamations herein mentioned was not thereby affected. In other words, the duty imposed upon him by the provisions of the Proclamation of January 5, 1942, was in no way modified. As heretofore pointed out the latter Proclamation required among other matters that a male citizen of the United States of the same age as defendant, if on February 16, 1942, he was prevented from registering because he was not then present in continental United States or in one of the places subject to its jurisdiction—this condition applied to defendant—then he was required to present himself for registration *as soon as possible after entering any of such places*. Hence his duty to register became and remained a continuing one.

Thus it appears from the undisputed facts established at the trial that defendant re-entered continental United States from a foreign country on August 19, 1945, and that he did not present himself for and submit to registration as soon as possible after re-entering this country, as required by the provisions of the Proclamation of January 5, 1942, and which had been promulgated pursuant to the terms of the Selective Training and Service Act.

It follows therefore that such failure on his part constituted a violation of the provisions of the last mentioned Proclamation and of said Act as well as the applicable Rules and Regulations adopted thereunder. Accordingly we conclude that defendant was properly convicted of committing each of the offenses charged in the two counts of the indictment and that his motion for a new trial should be denied.